■ JACOB KOCH, Appellant, v. RALPH M. NESTLE et al., Respondents. (Action No. 1.) LESLIE HAYES, JR., et al., Respondents, v. JACOB KOCH, Appellant. (Action No. 2.) — Per Curiam. Appeals by plaintiff in Action No. 1, who is the defendant in Action No. 2, from judgments of the Supreme Court. In Action No. 1, brought by a lot owner to extinguish alleged nonsubstantial restrictions on the use of lands to residential purposes (Real Property Actions and Proceedings Law, § 1951), judgment upon defendants' counterclaim was granted, determining such restrictions to be enforcible. In Action No. 2, brought for injunctive and other relief by owners of lots in the development of which defendant's lot was a part, the applicability of the restrictions to defendant's lot was declared and defendant was enjoined from using the lot for purposes other than residential. Under section 1951, such a restriction may be adjudged unenforcible if "it appears that the restriction is of no actual and substantial benefit to the persons seeking its enforcement"; and upon the record before us the trial court was entirely warranted in finding that appellant "has not sustained the burden cast on him by Section 1951 of the Real Property Actions and Proceedings Law" and that "The residential restriction is still of actual and substantial value to the properties protected by this restrictive covenant" (citing Congregation Khal Chasidim of Brooklyn v. Congregation Beth El of Borough Park, 19 A D 2d 622). Appellant's lot was the most westerly of the lots constituting a substantial and successful residential development. A portion of the lot and certain lands easterly of it were taken for purposes of a road affording access to the Northway. Appellant's lot and the other improved, unappropriated lots remained within sight of each other over the depressed pavement and mall of the Northway. Appellant purchased his lot despite the restrictions of record and the references thereto in his deed and after the Northway and the access highway construction had been completed. His grantor then occupied the dwelling house which had been constructed upon the lot. Desiring to use or sell the property for commercial purposes, appellant had not occupied the dwelling nor had he attempted to sell or lease it for continued residential use. As against the subjective testimony of appellant's expert, predicated on his "experience" and "observation", that the use of appellant's property for "a non-residential use" would not, in his judgment, "adversely affect the value" of the remaining properties, the respondents offered adequately supported and documented evidence to the contrary. It was shown, in addition, that the predominantly residential character of the area surrounding the particular development remained and that, indeed, within the development itself property values had increased despite the Northway and other traffic. Assuming, however, some disadvantage to respondents' properties by reason of increased traffic noise and lights, it does not follow that those properties would not continue to derive and enjoy "actual and substantial benefit" from the inhibitory restrictive covenants, as against

the additive effect of commercial exploitation of appellant's lands in different and other ways. Certainly, as the trial court found, appellant demonstrated nothing to the contrary. Judgments affirmed, with one bill of costs to respondents. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Brink, JJ., concur.